769 So.2d 1144 (2000)
Nicole Dirado GOLDENBERG, Appellant,
v.
Eunice GOLDEN, individually, Robin Golden Polte, individually, and Paul K. Wiener, individually and Co-Trustee under Will of Sam Wiener dated June 22, 1972, and Marvin Selig and Clyde Selig, as Co-Trustees under Will of Sam Wiener dated June 22, 1972, Appellees.
No. 3D99-2966.
District Court of Appeal of Florida, Third District.
November 1, 2000.
Michael R. Bass, Ft. Lauderdale, for appellant.
Holland & Knight LLP, and Lucinda A. Hofmann and Christopher Boyett, Miami; Adrienne F. Promoff, Miami, for appellees.
Before COPE, GERSTEN and FLETCHER, JJ.

On Clarification Granted
COPE, J.
On consideration of appellee's motion for clarification, we withdraw the opinion dated August 2, 2000, and substitute the following opinion.
Nicole Dirado Goldenberg appeals an adverse summary judgment in a declaratory judgment action to determine trust beneficiaries. We reverse.
By will, Sam Wiener created a trust whose initial beneficiary was his wife, Jean Wiener. Sam Wiener died in 1975, and the trust income was paid to his widow Jean until her death in 1995.
The trust instrument provided that after Jean's death, the trustees were to distribute three-fourths of the monthly income to the Wieners' daughter, Eunice Goldenberg, for her lifetime. During Eunice's life, the remaining one-fourth of the monthly income was to be distributed to Eunice's two children. Although not specifically named in the trust instrument, at the time Sam Wiener made his will in *1145 1972, Eunice's two children, Carl Goldenberg and Robin Golden, were already adults. The trust instrument goes on to say that upon Eunice's death, the trust corpus will be distributed to the two children in equal shares.
The relevant paragraph of the trust instrument states:
E. My Trustees are directed to retain in trust that part which has been segregated for the benefit of my daughter, EUNICE GOLDENBERG, for the period of her lifetime. My joint Trustees are directed to distribute monthly to my daughter, three-fourths (¾) of the income of that part retained for her benefit and to distribute monthly in equal shares the remaining one-fourth ( ¼) of the income to my daughter's children. The said trust shall continue during the lifetime of my daughter and upon her death, the corpus shall be divided into two (2) equal shares for the benefit of my two grandchildren. My Trustees are directed to distribute one-half (½) of said equal shares to each grandchild upon reaching the age of twenty-five (25) years, and the remaining balance of the shares shall be distributed to said child upon the child's thirtieth (30) birthday.
(Emphasis added).
Carl Goldenberg married the appellant, Nicole Goldenberg in 1994. Jean Wiener died in August 1995. The trustees began paying the monthly trust income, as contemplated by the trust instrument, one-eighth to Carl Goldenberg, one-eighth to Robin Golden, and three-fourths to Eunice Goldenberg.
In October 1995, Carl Goldenberg died intestate, leaving his widow Nicole Goldenberg and no lineal descendants. Carl Goldenberg was forty-four at the time of his death.
The trustees[1] filed a complaint for declaratory relief, seeking to determine the appropriate beneficiaries. Nicole Goldenberg asserted that her late husband Carl's interest in the trust had vested and passed to her as his widow under the laws of intestacy.
Eunice Goldenberg, Robin Golden, and the trustees (collectively, "the trustees") took the position that the trust instrument had created a class gift. They reasoned that Carl's interest was divested by his death and that Eunice's surviving child, Robin Golden, succeeded to his share. The trial court ruled that Carl's share passed to the remaining child, Robin Golden. Nicole Goldenberg has appealed.
The dispositive fact is that Carl's interest in the trust had already vested prior to the time that he died. Because Carl had a vested interest, it passes through his estate by the law of intestacy.[2]
When Jean Wiener passed away in August of 1995, Carl was alive. In accordance with the trust, the trustees began paying him one-eighth of the monthly trust income. Carl then died in October of 1995.
The Florida Supreme Court has said:
The rule seems to be well settled that where there is a devise to an individual or a class upon attaining a certain age, such devise is prima facie contingent; but when the devise carries to the same individual or class, the income from the estate to accrue in the meantime, it will be construed as conferring a vested interest. In other words, the strongest argument against contingency and in support of the early vestiture of devises, no contrary intent being shown, is the fact of the provision for enjoyment of the income by the legatee prior to coming in possession of the inheritance.
*1146 Sorrels v. McNally, 89 Fla. 457, 467-68, 105 So. 106, 110-11 (1925) (citations omitted; emphasis added). Under Sorrels, Carl's interest in the trust vested when Jean Wiener died. Carl's interest passes through his estate. See id. at 473-74, 105 So. at 112-13.
The parties debate whether the trust instrument created individual, or class, gifts. We need not resolve the issue, for it makes no difference. By its explicit terms, the rule in Sorrels applies both to individual and class gifts. See id. at 467, 105 So. at 110.
The trustees argue that the testator, Sam Wiener, never would have intended this result. They say that since the beneficiaries described in the trust instrument are Sam Wiener's own widow and their lineal descendants, we must glean the intent that only lineal descendants will take under this trust instrument. That argument is unpersuasive. For one thing, Sam Wiener provided in the trust instrument for his own widow, Jean, and did not confine the trust to lineal descendants only. For another, if it be assumed that Carl Goldenberg and Robin Golden both survived to receive the trust corpus, and they then had predeceased their respective spouses, then in all likelihood the remaining trust corpus would pass to the respective surviving spouses. Thus, even under the trustees' analysis, it is reasonable to expect that at some point, someone other than a lineal descendant would take an interest in the proceeds of the trust.
We glean only that the testator never considered the possibility that Carl Goldenberg would predecease his mother, Eunice. "As not infrequently happens, the testator, operating under the all-too-human assumption that the younger would survive the older, failed to foresee and provide for the possibility that the opposite might occur." Hulsh v. Hulsh, 431 So.2d 658, 665 (Fla. 3d DCA 1983) (citation omitted); see Sorrels, 89 Fla. at 468, 105 So. at 111 ("The will anticipated the death of the wife and son, and made provision for such contingency, but no thought seems to have been taken for the death of the grandson prior to his taking over the estate."). That being so, the rule in Sorrels applies.
The trustees argue alternatively that the most Carl's widow Nicole Goldenberg would be entitled to is a vested interest in the monthly income of the trust. They reason that Carl's interest in the trust corpus never vested, arguing that each beneficiary had to survive until the death of Eunice Goldenberg in order to take the corpus of the trust. They contend that Carl's interest lapsed, and that it passes to Robin as the other residuary devisee. See § 732.604(2), Fla. Stat. (1999). This argument, too, is contrary to Sorrels, which treats this type of trust arrangement as creating a vested interest in the trust income and trust corpus. See Sorrels, 89 Fla. at 467-68, 105 So. at 110.
For the reasons stated, we reverse the summary judgment and remand for further proceedings consistent herewith.
NOTES
[1] Paul Wiener, Marvin Selig, and Clyde Selig.
[2] We do not address whether the law of intestacy of Florida, or California, governs, nor do we express an opinion on what state's courts may decide this issue. That controversy is the subject of a separate appeal between the parties.